UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ROSE FAYTON and LISBETH TALBERT,     :

                                 :

                         Plaintiff,     :        25-CV-6663 (VEC) (SDA)

-against-           :

                                 :        <u>OPINION & ORDER</u>

                                 :

JPMORGAN CHASE BANK, N.A.,       :

                                 :

                     Defendants.   :

-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiffs Rose Fayton and Lisbeth Talbert, a mother and her adult daughter who are proceeding *pro se*, allege that Defendant JP Morgan Chase Bank, N.A. violated their civil rights by denying them access to the proceeds of a check deposited into Fayton's account.  Defendant moved to dismiss.  *See* Mot. to Dismiss, Dkt. 14 (the "Motion" or "Mot.").  Plaintiffs opposed. *See* Opp. to Mot., Dkt. 21.  Magistrate Judge Aaron issued a report and recommendation recommending that the motion be granted and that Plaintiffs be granted leave to amend with respect to all claims except those arising pursuant to the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"), for which amendment would be futile.  *See* Report & Recommendation, Dkt. 26 ("R&R").  Neither party objected to the R&R.

The Court ADOPTS the R&R in full.  The Motion is GRANTED, and Plaintiffs are given leave to amend with respect to all claims except those arising pursuant to the ECOA.

## BACKGROUND[1]

Talbert, who is Fayton's daughter, was involved in a car accident in 2016, which resulted in physical and mental injuries. Am. Compl., Dkt. 11 at 7. After years of litigation, Talbert settled her legal claims and received a settlement check for more than $800,000. *Id.* Talbert endorsed the check, which was written on a Chase account, to Fayton, who deposited the check into her Chase account. *Id.* at 2.

Pursuant to its Deposit Account Agreement ("DAA"), Chase offers expedited next-day clearance for certain types of checks, including "[c]hecks where both accounts are held by the same institution" and "[c]ertified checks." *Id.* at 2, 19. Although Fayton's settlement check satisfied those criteria, Chase failed to clear the check and instead initiated an investigation into Fayton's account for fraudulent activity. *Id.* at 1. The investigation led Chase to freeze Fayton's funds and to close her account on June 12, 2025. *Id.* at 2–5. The law firm that wrote the settlement check recalled it for non-payment and issued a new check on a different account, which Fayton was able to deposit with another bank. *Id.* at 6.

Plaintiffs claim that the closure of Fayton's Chase account, the delay in accessing funds from the settlement check, and Chase's "[u]nkind, [p]atronizing" attitude caused financial and emotional hardship. *Id.* at 1, 4, 13–15. They seek $1.5 million in compensation "for the way they were mistreated." *Id.* at 8.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1]    For purposes of this Motion, the Court accepts as true all of Plaintiffs' factual allegations and draws all reasonable inferences in their favor. *See City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017).

When no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the R&R reveals that there is no clear error in its conclusions. The Court agrees with Magistrate Judge Aaron that the Amended Complaint should be construed liberally in light of Plaintiffs' *pro se* status, *see* R&R at 5–6, although the Court expresses concern that, notwithstanding the fact that Plaintiffs are proceeding *pro se*, their filings have been signed by "Elizabeth Lee." Lee identifies herself as a "Disability Advocate" and refers to Plaintiffs as her "clients," Am. Compl. at 6, 8, but she has not filed a notice of appearance or represented that she is an attorney. Plaintiffs are reminded that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "Although § 1654 thus recognizes that an individual generally has the right to proceed *pro se* with respect to his *own* claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (cleaned up) (emphasis in original). Accordingly, Lee cannot represent Plaintiffs, make filings on their behalf, or sign their submissions unless (1) she is an attorney admitted to practice before this Court and (2) she files a notice of appearance in this action.

On the merits, the Court agrees with Magistrate Judge Aaron that the Amended Complaint should be construed as attempting to state claims for breach of contract; discrimination pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), the ECOA, and 42 U.S.C. § 1981; and tortious interference. R&R at 6, 9, 12–14.

As to the breach of contract claims, the Court agrees with Magistrate Judge Aaron that, to the extent Plaintiff intends to argue that Defendant breached § IX.C of the DAA by freezing the deposited funds, the plain language of the DAA forecloses such a claim. *Id.* at 6–9. Likewise, the Court agrees that any claim for breach of the implied covenant of good faith and fair dealing is barred in light of Plaintiff's failure to plead a plausible breach of contract claim. *Id.* at 9.

As to the discrimination claims, the Court agrees with Magistrate Judge Aaron that Plaintiffs fail to plead a plausible Title III claim because (1) they seek only monetary, rather than injunctive, relief, (2) their accusation that Chase acted with "discriminatory intentions" is entirely conclusory, and (3) they fail to allege plausibly that they were subject to any methods of administration that had a discriminatory effect. *Id.* at 9–12. The Court further agrees that Plaintiffs have failed to plead a plausible ECOA claim because none of the transactions described in the Amended Complaint involves a credit transaction as defined by the ECOA. *Id.* at 12–13. The Court also agrees that Plaintiffs have failed to plead a plausible § 1981 claim because they fail to plead any non-conclusory facts to support the inference that they were treated differently from other customers due to their race. *Id.* at 13–14.

As to the tortious interference claims, the Court agrees with Magistrate Judge Aaron that Plaintiffs have failed to allege that any contract was breached, and, therefore, cannot state a claim that Chase interfered with a contract. *Id.* at 15. To the extent Plaintiffs intend to argue that Chase interfered with their efforts to purchase a home, the Court agrees that they do not allege any non-conclusory facts to support the inference that Chase knew or should have known that the proceeds of the settlement check were going to be used to fund that purchase. *Id.* at 15–16. The Court further agrees that, even if Chase had known about the planned purchase, it would be

4

irrelevant to a tortious interference claim because the DAA explicitly authorized Chase to freeze Plaintiffs' funds to investigate suspected fraud.  *Id.* at 16.

Finally, the Court agrees with Magistrate Judge Aaron that leave to amend should be granted because Plaintiff may be able to allege facts to state a discrimination claim pursuant to the ADA (to the extent they wish to seek injunctive relief) or § 1981, or a claim for breach of contract or tortious interference.  *Id.* at 17.  The Court also agrees that, because Plaintiff has not alleged the existence of any credit transaction, amendment of any claims pursuant to the ECOA would be futile.  *Id.*

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in full.  The Motion to Dismiss is GRANTED, and Plaintiffs are GRANTED leave to amend.  The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 14.  Pursuant to the Court's Order of Reference, Dkt. 3, the Court defers to Magistrate Judge Aaron to set a schedule for Plaintiffs to file, and Defendant to respond to, any amended pleadings.

Because neither party objected to the R&R, and because the R&R expressly warned that the failure timely to object would result in the waiver of any such objections, *see* R&R at 18, appellate review of this decision is precluded.  *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604–05 (2d Cir. 2008).

**SO ORDERED.**

**Date:  June 17, 2026**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

5